[No. A032912. First Dist., Div. One. Apr. 24, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM GLEN HOWE, Defendant and Appellant.

[No. A033146. First Dist., Div. One. Apr. 24, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY ALLEN CLARK, Defendant and Appellant.

346

COUNSEL

J. Courtney Shevelson and Frank O. Bell, Jr., State Public Defender, under appointments by the Court of Appeal, and Colleen M. Rohan, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Ann K. Jensen and Stan M. Helfman, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**ELKINGTON, J.**—Defendants William Glen Howe (*Howe*) and Timothy Allen Clark (*Clark*) were found guilty by a jury of the crime of kidnapping for the purpose of robbery, in violation of Penal Code section 209. Each of them has appealed from a judgment which was entered upon the jury's verdicts.

On each of their respective appeals, *Howe* and *Clark* contend that: "The prosecutor committed prejudicial misconduct during the course of his closing argument which violated appellant's federal constitutional rights and warrants reversal of his convictions."

It is argued by each of them that the charged misconduct occurred during the prosecutor's closing jury argument by (1) his comment upon defendants' failure to testify at trial, and (2) by telling the jury that defendants were "robbers" and "criminals" and "therefore must have had the intent to commit the kidnap for robbery and robbery charged."

■ It is first noted that no objection, or request for an appropriate jury admonition, was made at the trial as to either of the assignments of misconduct. In our opinion had such been made, and acted upon, any conceivable prejudice to defendants would have vanished. Under such circumstances, we are told by *People* v. *Green* (1980) 27 Cal.3d 1, 27-36 [164 Cal.Rptr. 1, 609 P.2d 468], that the claimed misconduct may not be raised on appeal.

■ Moreover, the first claimed prosecutorial misconduct was the following statement: "Now, was the movement in this case of the person caused with the specific intent to rob him and was that intent to rob existent at the time that the kidnapping commenced? That question is one that is clearly answered by the circumstantial evidence in this case, by the reasonable, logical, common sense interpretation of what occurred here. We don't have in this case statements of the defendant saying that, 'My state of mind was such and such,' or, 'My state of mind was this and that.' That would be direct evidence.

"We have the circumstances which attest to their actions that prove what their specific intent was, and what are those circumstances in this case to serve the specific intent? Well, number one, we have the defendant Clark

getting into the car with a knife in his hand. His first words are, 'Cooperate or you're going to get hurt,' and then immediately says, 'Hand over your wallet.'

"What does that show? That shows that he entered the car with the intent to rob Mr. Peters, you know, and let's backstep a bit and look at the totality of the picture here and not just these isolated bits and pieces of evidence, but the whole picture."

*Howe* and *Clark* had admitted kidnapping the victim of their crimes. While in our opinion the existence of *Griffin* misconduct (*Griffin* v. *California* (1965) 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229]) was doubtful, a *lack* of prejudice to defendants *Howe* and *Clark* seems certain. "Anyone who seeks on appeal to predicate a reversal of conviction on error must show that it was prejudicial." (*People* v. *Archerd* (1970) 3 Cal.3d 615, 643 [91 Cal.Rptr. 397, 477 P.2d 421].)

And since the evidence had clearly established that *Howe* and *Clark* were *kidnappers* and *robbers,* it necessarily follows that they were "robbers and criminals" as they were described by the prosecutor. Here there was neither misconduct, nor prejudice.

 The remaining contention of defendants *Howe* and *Clark* is that: "Appellant was denied the effective assistance of counsel at sentencing when his attorney erroneously conceded the court had no discretion but to sentence appellant to a life term."

*Howe* and *Clark* had been convicted by a jury's verdicts of kidnapping for the purpose of robbery in violation of Penal Code section 209, *subdivision (b).* The jury also found, among other things, that both *Howe* and *Clark* had personally used a deadly or dangerous weapon in the crime's perpetration, thus authorizing a sentence enhancement of one year for each of them. (Pen. Code, § 12022, subd. (b).)

On the subsequent sentencing proceedings the trial court stated: "Mr. Clark, you're in front of me for sentencing [on] the charge of kidnapping for robbery and personal use of a deadly or dangerous weapon as well as the prior convictions. Probation is going to be denied. Your statutory eligibility is quite limited. You have a long criminal record. There were threats of great harm to the victim, pattern of violent conduct involved here, and probation is denied. I'm going to impose on [the kidnapping for robbery count] the term of life imprisonment which is required by law. On the enhancement for use of a deadly weapon . . . it's ordered by the court that you serve a period of one year in the state prison system for that. . . . [Y]our prior convic-

tions as an adult are numerous, frequent and of increasing seriousness. . . . [T]he crime involved threats of great bodily harm and there was a high degree of viciousness and callousness exhibited by the defendant. . . . That would then be for your sentence, Mr. Clark . . . one year for the use of a deadly weapon, and then the life sentence. . . .

"For Mr. Howe, you are here for a conviction . . . of kidnapping for robbery . . . with personal use of a deadly or dangerous weapon. . . . There's nothing to indicate probation would be warranted. You have a terrible record. This is a terrible crime, and a history of state prison commitments. . . . [T]he kidnapping for robbery, I'm going to impose the sentence that I'm required to by law of the life term. On the enhancement on that term for use of a deadly or dangerous weapon, I'm going to impose one year."

Earlier in the sentencing proceedings the following had occurred:

"The Court: All right. Then I would be prepared to hear any remarks that counsel might wish to make . . . and any comments you have, Mr. Berger.

"Mr. Berger [attorney for *Clark*]: Well, in view of the charge, the sentence is set by law. *You have no discretion on the 209(b)* [our italics], so I have nothing I can add.

"The Court: All right. Mr. Shelby.

"Mr. Shelby [attorney for *Howe*]: *That's likewise my position on 209(b)* [our italics]. There's nothing I can add because it was a determinate sentence."

It is the respective statements of counsel which form the basis of the instant contention.

Initially, it will be noted that both defendants were sentenced to life imprisonment *with* possibility of parole, according to Penal Code section 209, *subdivision (b),* which both counsel relied upon in making their here criticized comments.

Penal Code section 209, *subdivision (b),* provides: "Any person who kidnaps or carries away any individual to commit robbery [*without* death or bodily harm] *shall* be punished by imprisonment in the state prison for life *with possibility of parole*." (Our italics.)

██ We are provided with no authority and we, ourselves, have found none, holding that the sentence of life imprisonment *with* possibility of

parole provided by Penal Code section 209, *subdivision (b)*, is other than *mandatory*.

■ Penal Code section 7, subdivision (16), states that "words" must be construed "according to the context and the approved usage of the language." The approved usage of the word "*shall*" is the meaning of "*must*"; it is "used to express what is mandatory." (Webster's New Internat. Dict. (3d ed.) p. 2085.) And, it is held that " 'shall' is mandatory unless otherwise apparent from the context." (*Caminetti* v. *Superior Court* (1941) 16 Cal.2d 838, 842 [108 P.2d 911].) No legislative purpose is seen of a meaning other than "*mandatory*" in the enactment of Penal Code section 209, *subdivision (b)*.

The case of *People* v. *Marsh* (1984) 36 Cal.3d 134 [202 Cal.Rptr. 92, 679 P.2d 1033], lends no aid to the arguments of *Howe* and *Clark*. There Marsh, a juvenile, was convicted of a Penal Code section 209 kidnapping *with* "bodily harm," under *subdivision (a)* calling for life imprisonment *without* possibility of parole. The high court, finding no statutory "specific prohibition" thereof, simply held (p. 144) that the trial court "could strike . . . the bodily harm allegation, thereby reducing the kidnapping sentence to life *with* possibility of parole, which carries a minimum parole eligibility term of seven years."

■ Defense counsel of the present case are not reasonably to be faulted for correctly stating to the trial court the apparent applicable law. No "ineffective assistance" of counsel is seen.

And were we, arguendo, to find the claimed ineffectiveness of counsel, we should be obliged to find it harmless because of the trial court's views of the seriousness of defendants' crimes. It is not reasonably probable that a result more favorable to *Howe* and *Clark* would have occurred in the absence of the assumed ineffectiveness of counsel. (Cal. Const., art. VI, § 13; *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

The judgments are affirmed.

Racanelli, P. J., and Newsom, J., concurred.

A petition for a rehearing was denied May 22, 1987.